UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUGAR CREEK ACQUISITION, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CERIA-NA, LLC, et al. ) <br> ) <br> Defendants. ) | Civil No. 4:22-cv-00294-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to compel arbitration and stay the case. Doc. 7. For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

Plaintiff Sugar Creek Acquisition, LLC (d/b/a O'Fallon Brewery) is a Delaware limited liability company located in Missouri and owned by residents of Missouri, Illinois, New Jersey, and California. Defendants are CERIA, Inc., a Delaware corporation with its principal place of business in Colorado; CERIA-NA, LLC, a Colorado limited liability company owned by Colorado residents Jodi and Keith Villa; and the Villas individually. In January 2019, Plaintiff and Defendants started a joint venture to brew and sell non-alcoholic craft beer. In September 2020, Plaintiff and Defendant CERIA, Inc. entered into a contract whereby Plaintiff would brew and package beer according to Defendants' specifications. The contract contemplated an initial term ending December 31, 2021, with an option to extend for an additional six months. Throughout the joint venture, Plaintiff invested significant resources expanding

its production capacity to meet Defendants' demand.  Defendants nonetheless withdrew from the venture in November 2021 and entered a new venture with Plaintiff's competitor.

Plaintiff then filed this lawsuit asserting claims of quantum meruit, unjust enrichment, and negligent misrepresentation, essentially pleading that it relied on Defendants' promises of future business to its detriment.  The complaint itemizes numerous expenses incurred by Plaintiff in the expansion of its capacity for Defendants, citing roughly $716,314 "remaining due and owing" and other collateral losses incurred on Defendants' behalf.  Plaintiff seeks monetary relief in an amount greater than $75,000.

In response to the complaint, Defendants filed the present motion to compel arbitration, invoking a dispute resolution clause contained in the parties' brewing contract.  The agreement states in pertinent part:

> 19. CLAIM LIMITATIONS.
>
> 19.1. Damages. Except for the Parties' indemnification and confidentiality obligations, claims for money damages arising out of any action amounting to a breach of this Agreement by either Party shall be limited to the actual direct damages caused by said breach. Neither Party shall be entitled to any indirect, consequential, special, punitive or exemplary damages.
>
> 19.2. Equitable Relief. Any breach or threatened breach of this Agreement regarding the treatment of the Confidential Information or Intellectual Property may result in irreparable harm to a Party for which there may be no adequate remedy at law. In addition to other remedies provided by law or at equity, in such event the harmed Party shall be entitled to seek an injunction, without bond, preventing any further breach of this Agreement by the breaching Party.

> 20.     DISPUTE RESOLUTION.
>
> Except for claims of equitable relief which claims may be brought in any court of competent jurisdiction, any claim or dispute arising between the Parties that cannot be resolved through negotiation shall be exclusively resolved through arbitration using one (1) mutually agreed arbitrator under the commercial rules of the American Arbitration Association or such other alternative dispute-settling forum approved in writing by both Parties. The venue for any arbitration shall be St. Louis County, Missouri. The arbitrator shall be empowered to allow limited discovery and decide claims subject only to the limitations set forth in this Agreement and any subsequent arbitration agreement signed by both Parties hereto. The decision of the arbitrator and damages provided therein may be entered as a judgment in any court of competent jurisdiction.

Doc. 7-1 at 12.

Based on the foregoing language, Defendants contend that Plaintiff's claims are not claims for equitable relief and therefore not exempt from the arbitration clause. Defendants also assert that they are entitled to enforce the agreement collectively – not just CERIA, Inc. as signatory– because Plaintiff treated all Defendants as a single unit. Plaintiff has not responded to the motion, and the time to do so has passed.

## DISCUSSION

The Federal Arbitration Act (FAA) "establishes a liberal federal policy favoring arbitration agreements." *M.A. Mortenson Co. v. Saunders Concrete Co*., 676 F.3d 1153, 1156 (8th Cir. 2012). An arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court's role under the FAA is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute. *Pro Tech Indus., Inc. v. URS Corp*., 377 F.3d 868, 871 (8th Cir. 2004). Any

doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Taylor v. Dolgencorp, LLC*, 1:19-CV-00132-SNLJ, 2019 WL 6135440, at *1 (E.D. Mo. Nov. 19, 2019). Federal courts look to state contract law to determine the validity of an arbitration agreement. *M.A. Mortenson Co.*, 676 F.3d at 1156-57. Here, pursuant to its terms, the parties' agreement is governed by Missouri law. Doc. 7-1 at 13.

Applying these standards, the Court finds the parties' arbitration agreement enforceable and applicable to Plaintiff's pleadings. First, Plaintiff does not challenge the validity of the arbitration clause, and the Court sees no facial grounds to question it. Second, the dispute appears to fall within the scope of the agreement. Notwithstanding Plaintiff's assertion of equitable theories, its claims clearly relate to its economic damages ensuing from the parties' contractual relationship, such as investments made in connection with the venture.[1] Further, in the contract, equitable relief is addressed in the paragraph immediately preceding the arbitration clause and contemplates a breach or threatened breach with respect to confidential or proprietary information (i.e., where injunctive relief would be warranted). Plaintiff does not request any form of injunctive relief whatsoever here, only monetary compensation. A suit that seeks only money damages is an action at law rather than equity. *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 86 (Mo. 2003). Moreover, Plaintiff demands a jury trial, and generally the right to a

---

[1] For instance: "Manufacturer (Plaintiff) will purchase and store for Contracting Customer's (Defendant's) benefit and use… all Packaging Materials used in the packaging of each Beverage" and that "[f]or purposes of this Agreement, Packaging Materials shall be deemed to include… the cylinders, plates, tools and dies used in the creation thereof." Doc. 7-1 at 6. The contract also outlines compensation and fees owed to Plaintiff for its purchases. Doc. 7-1 at 7-8.

jury trial exists in actions at law but not in equity.  *Savannah Place, Ltd. v. Heidelberg*, 122 S.W.3d 74, 80 (Mo. App. S.D. 2003) (citing *Diehl* at 85); *State ex rel. Leonardi v. Sherry*, 137 S.W.3d 462, 474 (Mo. 2004) (discussing the propriety of a trial by jury on legal claims and a bench trial on equitable claims).  Resolving any doubt in favor of arbitration, the Court finds that this dispute falls within the scope of the arbitration clause and therefore must be resolved through arbitration.

Additionally, Missouri law supports Defendants' position that they are entitled to enforce the arbitration agreement collectively.  Plaintiff is a signatory to the arbitration agreement, and when a signatory treats the defendants jointly in its pleadings as Plaintiff does here, the claim "is a single one that should be referred in its entirety to arbitration." *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 815 (Mo. 2015) (citing *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 631 (2009) ("If a written arbitration provision is made enforceable against (or for the benefit of) a third party under state contract law, the [FAA]'s terms are fulfilled.")).  See also *Morgan v. Ferrellgas, Inc.*, 8 F.4th 795, 800 (8th Cir. 2021).  As such, both CERIA, Inc. and the non-signatory Defendants are entitled to enforce the parties' arbitration agreement.

Under the FAA, when a court finds that the claims raised in an action are properly referable to arbitration, it should stay the action until arbitration proceedings are concluded.  *Fleischli v. N. Pole US, LLC*, 4:12CV1618 CDP, 2013 WL 1965120, at *14 (E.D. Mo. May 10, 2013) (citing 9 U.S.C. § 3).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel arbitration and stay proceedings is **GRANTED**.  Doc. 7.

**IT IS FURTHER ORDERED** that this case is **STAYED** and administratively **CLOSED** until arbitration is concluded.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report no later than **September 30, 2022**, and every 90 days thereafter, advising the Court of the status of their arbitration and requesting any further relief or action by the Court as appropriate.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June 2022.